IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| JEFFERY AMANN, | ) | Civil Action No.  0:15-cv-4214-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CHICAGO BRIDGE & IRON (DELAWARE), a foreign corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action alleging that his employment with Defendant was terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Subsequently, counsel for Plaintiff filed a Motion to Withdraw as Counsel (Docket Entry # 18), asserting that Plaintiff had not responded to her letter requesting that he provide information responsive to Defendant's discovery requests, and that she had made numerous and varied attempts to contact Plaintiff but had not been able to reach him for several months prior to filing the Motion to Withdraw.   Pursuant to Local Civil Rule 83.I.07(B)(3), counsel for Plaintiff provided him with a copy of the motion and explained that he has seventeen days within which to file a response to the motion.  Plaintiff did not filed a response.  Counsel also included in the motion Plaintiff's last known address and phone number. Counsel for Defendant consented to the withdrawal of counsel, but asked that Plaintiff be given a deadline by which Plaintiff or someone acting on his behalf must formally appear before the court.

On August 16, 2016, the undersigned entered an Order (Docket Entry # 27) granting the Motion to Withdraw and gave Plaintiff until September 16, 2016, to retain new counsel and for

1

that counsel to file a Notice of Appearance on behalf of Plaintiff. The order notified Plaintiff that if no Notice of Appearance was filed on Plaintiff's behalf by September 16, 2016, the Court would consider him to be proceeding pro se and that Plaintiff would be responsible for prosecuting the claims alleged in his Complaint. The undersigned also scheduled a status conference for September 21, 2016, and notified Plaintiff that if he did not retain counsel, he must appear at the status conference himself. The undersigned warned Plaintiff that failure to appear at the status conference could result in dismissal of this case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The order directed counsel for Plaintiff to serve a copy of the Order on Plaintiff at his last known address by certified mail, return receipt requested.

On August 18, 2016, counsel for Plaintiff sent a letter (Docket Entry # 33) to Plaintiff, notifying him that the Motion to Withdraw had been granted and providing him with a copy of the Order. Counsel sent the letter to Plaintiff by certified mail, return receipt requested, but the letter was never claimed by Plaintiff. It appears from the envelope that at least three attempts were made to deliver the letter to Plaintiff, but it was returned to counsel on September 13, 2016, as unclaimed.

The status conference was held on September 21, 2016. Counsel for Defendant was present, but Plaintiff did not appear. He has not made any contact with the court or given any indication that he intends to proceed with this action. Counsel for Defendant requested that this case be dismissed for Plaintiff's failure to prosecute and failure to abide by the Order (Docket Entry # 27) directing Plaintiff (or counsel appearing on his behalf) to appear at the status conference.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to

control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989).  "Federal courts possess an inherent authority to dismiss cases with prejudice." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case.  As stated above, Plaintiff failed to respond to his counsel's requests to

3

provide her with information responsive to Defendant's discovery requests, failed to contact his counsel despite her numerous and varied attempts, failed to respond to her motion to withdraw as counsel, failed to accept her mail, and failed to appear at the status conference or otherwise contact the court with respect to this action. Because of Plaintiff's failure to participate in this action, the undersigned concludes he has abandoned his claims and dismissal is proper pursuant to Rule 41(b). Accordingly, it is recommended that this action be dismissed for Plaintiff's failure to prosecute. The clerk of court is directed to serve this Report and Recommendation on Plaintiff at his last known address (as provided by counsel in her motion to withdraw) by regular mail and by certified mail, return receipt requested.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 21, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**

4