IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jeffrey Amann,<br><br>   Plaintiff<br><br> v.<br><br>Chicago Bridge & Iron (Delaware), a Foreign Corporation,<br><br>   Defendant. | C/A. No. 0:15-4214-CMC-TER<br><br><br><br>Opinion and Order |

  This matter is before the court on Plaintiff's complaint, alleging that he was terminated from his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. On March 4, 2016, Plaintiff's counsel filed a motion to withdraw, stating that she was unable to get in touch with Plaintiff despite numerous calls, emails, and a certified letter. ECF No. 18. Defendant filed a response in opposition to the motion to withdraw on March 11, 2016, consenting to counsel's withdrawal but requesting that Plaintiff be given a deadline by which he or someone on his behalf must appear before the court. ECF No. 19. Plaintiff did not respond to this motion by the response date of March 21, 2016.

  On August 16, 2016, the Magistrate Judge entered an order granting the motion to withdraw and giving the Plaintiff through September 16, 2016 to retain new counsel and for that counsel to file a notice of appearance on Plaintiff's behalf. ECF No. 27. That order also set a status conference for September 21, 2016, and notified Plaintiff that his counsel, or himself if he did not retain counsel, must appear at the status conference. Plaintiff was also warned that failure

to appear at the status conference may result in dismissal of his case for failure to prosecute. *Id.* Counsel for Plaintiff was directed to serve a copy of the Order terminating her representation on Plaintiff at his last known address, return receipt requested. *Id.*

On September 20, 2016, Plaintiff's former counsel filed a letter notifying the court that she had attempted to send the court's order of August 16 to Plaintiff at his last known address, but the correspondence was not claimed by Plaintiff despite at least three attempts to deliver.  ECF No. 33.  No attorney filed a notice of appearance on Plaintiff's behalf, and Plaintiff did not appear at the September 21, 2016 status conference.  ECF No. 34.  At that status conference, Defendant moved to dismiss the case for failure to prosecute. *Id.*

The Magistrate Judge then issued a Report and Recommendation ("Report") recommending that this case be dismissed for failure to prosecute.  ECF No. 36.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  The Report was sent to Plaintiff by regular mail and certified mail, and a return receipt was filed showing the certified letter delivered to Plaintiff's address.  ECF No. 39.  Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Matthews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff did not respond to communication from his counsel regarding discovery, a motion by his counsel for withdrawal due to his non-responsiveness, an order by the Magistrate Judge allowing his counsel to withdraw and ordering Plaintiff to appear at a status conference, or the Magistrate Judge's Report recommending dismissal of his case. After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Report that Plaintiff has failed to prosecute his action and dismissal is proper pursuant to Rule 41(b). Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

This matter is **dismissed without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

                                                  s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 17, 2016